IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROLAND KADERLI | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-199 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Roland Kaderli, Jr., an inmate confined at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On April 25, 2018, following a jury trial in the 75th Judicial District Court for Liberty County, Texas, Petitioner was convicted of driving while intoxicated, third offense or more, and sentenced to 30 years of imprisonment in the Texas Department of Criminal Justice. On March 13, 2019, the Ninth District Court of Appeals affirmed Petitioner's conviction. The Texas Court of Criminal Appeals refused a Petition for Discretionary Review on May 22, 2019. Petitioner did not file a Petition for Writ of Certiorari to the United States Supreme Court.

Petitioner filed his first state Application for Writ of Habeas Corpus on September 26, 2019. The Texas Court of Criminal Appeals dismissed the Application without written order on March 18, 2020, for failing to comply with the Texas Rules of Appellate Procedure. A second state Application was filed on January 27, 2020, and dismissed as non-compliant on March 18, 2020.

Petitioner filed a third state Application on December 21, 2020. The Court of Criminal Appeals denied that Application without written order on February 24, 2021. Petitioner filed the above-styled federal Petition for Writ of Habeas Corpus on April 21, 2021.[1]

## The Response

The Respondent contends Petitioner's claims are untimely and should be dismissed as barred by the statute of limitations.

## Analysis

The Antiterrorism and Effective Death Penalty Act, which became effective on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. Title 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part the following:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing an application by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] A *pro se* prisoner's habeas Petition is deemed filed when he delivered the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Here, Petitioner declared that he placed the Petition in the prison mailing system on April 21, 2021.

Furthermore, "[t]he time during which a properly filed Application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's Petition for Discretionary Review was refused on May 22, 2019. Petitioner did not file a Petition for Writ of Certiorari to the United States Supreme Court. Therefore, his conviction became final on August 20, 2019. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cr. 1998) (noting conviction becomes final 90 days after judgment of Texas Court of Criminal Appeals is entered if no Petition for Writ of Certiorari is filed). Accordingly, Petitioner was required to file his Petition on or before August 20, 2020, absent any tolling.

Petitioner filed his first state Application for Writ of Habeas Corpus on September 26, 2019. However, the Application was dismissed because it was not in compliance with the Texas Rules of Appellate Procedure. A second state Application was filed on January 27, 2020, and dismissed as non-compliant. Since the Texas Court of Criminal Appeals dismissed Petitioner's first two state Application for non-compliance with state appellate rules, these Applications were not properly filed so as to invoke the statutory tolling provision of 28 U.S.C. § 2244(d)(2). "A properly filed application is one submitted according to the state's procedural requirements," and courts narrowly interpret the words "properly filed." *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th Cir. 2002) (citations omitted). Therefore, Petitioner's first two state Application did not statutorily toll the limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) (concluding that tolling is authorized while petitions for collateral relief are pending only if the petitions were filed in accordance with a state's procedural requirements).

Petitioner filed a third Application for Writ of Habeas Corpus on December 21, 2020. The Texas Court of Criminal Appeals denied the Application without written order on February 24, 2021. Under other circumstances, the filing of the third Application would have tolled the limitations period. However, as the limitations period had expired on August 20, 2020, before the third Application was filed, the filing of the third Application did not toll the running of the limitations period. Petitioner filed this federal Petition for Writ of Habeas Corpus on April 21, 2021. As a result, this Petition was filed after the period of limitations expired.

In *Holland v. Florida*, 560 U.S. 631, 634 (2010), the Supreme Court held that Section 2244(d) is subject to equitable tolling in appropriate cases. The Court stated that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Id*. at 649. *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id*. at 653. The United States Court of Appeals for the Fifth Circuit has explained that "equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that excusable neglect does not support equitable tolling. *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999).

In attempting to explain the untimeliness of his Petition, Petitioner claims his first state Application was "suspended for close to a year." However, Petitioner's assertion is contrary to the record in this case. To the extent Petitioner is arguing that the limitations period should be tolled until he was notified of the dismissal of the non-compliant Applications, his argument is without merit because the Applications were not properly filed. *See North v. Davis*, 800 F. App'x 211, 215 (5th Cir. 2020) (rejecting habeas petitioner's argument that an improperly filed state habeas

Application tolls the limitations period "unless and until the state court notifies the petitioner of the filing deficiency."). As a result, Petitioner has failed to demonstrate he is entitled to equitable tolling. Petitioner's claims are therefore barred by the applicable one-year statute of limitations.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed as barred by the applicable statute of limitations.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge contained herein. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*.

**SIGNED this the 6th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE