IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT  DIVISION

| | | |
|---|---|---|
| RONALD KADERLI | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv199 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Roland Kaderli, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a conviction for driving while intoxicated, third offense or more.

The Court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable orders of this Court.   The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition be dismissed as barred by the applicable statute of limitations.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings.  Petitioner filed objections to the Report and Recommendation.  The Court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner filed three state applications seeking a writ of habeas corpus.  The magistrate judge concluded that as the first two state application were dismissed for failure to comply with applicable rules of court, the running of the period of limitations was not tolled while the first two state applications were pending.

In his objections, petitioner asserts his first two state applications were properly filed and that, as a result, the period of limitations should have been tolled while the applications were pending.  However, the Texas Court of Criminal Appeals determined the applications did not comply with the Texas Rules of Appellate Procedure.  The period of limitations was therefore not tolled while these applications were pending. *Mathis v. Thaler*, 616 F.3d 461, 471 (5th Cir. 2020).

In addition, petitioner faults the District Clerk of Liberty County, Texas, for failing to forward his first state application to the Court of Criminal Appeals more quickly. Petitioner states that if his first state application has been forwarded to the Court of Criminal Appeals more quickly, it would have been dismissed as noncompliant sooner, which would have permitted him to file an application in proper form sooner. However, as set forth above, petitioner's second state application was also rejected as noncompliant. As a result, even if petitioner's first state application had been dismissed sooner, his second application would not have been in compliance with the rules of court and would not have entitled petitioner to tolling.

## ORDER

Accordingly, petitioner's objections [Dkt. 31] are OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the Magistrate Judge [Dkt. 28] is ADOPTED. A final judgment will be entered in accordance with the recommendation of the magistrate judge.

In addition, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolve in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, petitioner has not shown that the issue of whether his petition is barred by limitations is subject to debate among jurists of reason. The factual and legal questions raised by

petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further.  As a result, a certificate of appealability shall not issue in this matter.

**SIGNED this 2nd day of August, 2022.**

Michael J. Truncale
United States District Judge